UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMMIR MORENO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC., and DOES 1–20,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:25-cv-1706-CAB-JLB<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>[Doc. No. 2] |

　　　On May 8, 2025, Plaintiff Jammir Moreno ("Plaintiff") sued Defendant Nissan North America, Inc. ("Defendant") under the Song-Beverly Act, Cal. Civ. Code §§ 1790-1795.8. [Doc. No. 1-2 at 3–10 ("Compl.").] On July 3, 2025, Defendant filed a notice of removal. [Doc. No. 1 ("NOR").] On August 13, 2025, Plaintiff responded with the instant motion to remand. [Doc. No. 2.] Pursuant to CivLR 7.1(d)(1), the Court finds the motion suitable for submission on the papers without oral argument. For the reasons below, the Court **GRANTS** Plaintiff's motion to remand.

///

///

1

## I. BACKGROUND

Plaintiff purchased a used 2023 Nissan Rogue ("Vehicle") from Defendant on July 6, 2024, for $48,452.50. [Compl. ¶ 5; NOR at 3.] On at least five separate occasions over nearly one year, Plaintiff allegedly presented the Vehicle to Defendant to fix issues including the HVAC vents producing abnormal noises, a loose driver grip handle, a loose pillar finisher assembly, a malfunctioning infotainment system, inoperable steering wheel controls, and more. [Compl. ¶¶ 10–11.] Plaintiff alleges that Defendant sold him a defective vehicle and breached the implied and express warranties of merchantability of California's Song-Beverly Act. [*Id.* at ¶¶ 6–9.]

Defendant removed the case based on diversity jurisdiction, asserting diversity of citizenship and an amount in controversy exceeding $75,000 when accounting for Plaintiff's potential restitution, civil penalty, and attorney fees recoverable under the Song-Beverly Act. [NOR at 3.] Plaintiff argues that Defendant's estimate of the amount in controversy is overly speculative and that the principles of comity "weigh heavily in favor of remand." [Doc. No. 2-4 at 6.]

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal subject matter jurisdiction can be established through federal question jurisdiction, *see* 28 U.S.C. § 1331, or diversity jurisdiction, *see* 28 U.S.C. § 1332. Under the latter, federal courts obtain "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

If a plaintiff files a case in state court that could have originally been filed in federal court, the defendant may remove that case to federal court. 28 U.S.C. § 1441(a); *see City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th

Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").

Defendant, as the removing party, "has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). Courts evaluate the existence of diversity jurisdiction—including the amount in controversy—at the time of removal. *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1000–01 (C.D. Cal. 2002). The district court may consider the allegations in both the complaint and notice of removal, as well as any documents attached, in evaluating the propriety of the removal. *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 882 (S.D. Cal. 2021).

### III. DISCUSSION

"Where a plaintiff's complaint does not specify the amount of damages being sought, the removing defendant bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy requirement is satisfied." *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). In his state court complaint, Plaintiff does not provide a precise amount in controversy, stating only that it exceeds $35,000. [Compl. ¶ 14.] Accordingly, Defendant "must submit summary-judgment-type evidence to establish that the actual amount in controversy exceeds $75,000." *Kenneth Rothschild Tr.*, 199 F. Supp. 2d at 1001 (internal quotation marks omitted).

Defendant argues that Plaintiff's actual damages, restitution, reasonable attorney fees, and awardable civil penalty collectively exceed $75,000. [NOR at 6.] Even if the Court assumed Plaintiff was entitled to recovering the full Vehicle purchase price of $48,452[1] and reasonable attorney fees of $5,000 (as Defendant suggests), Defendant would

---

[1] To be sure, Defendant noting that the purchase price was $48,452 does not establish that amount as the actual damages or restitution for amount in controversy purposes. Indeed, "a plaintiff's recovery is limited to the actual payment amount to the seller" and is "reduced to account for any use by plaintiff prior to the first repair of the vehicle." *Chajon v. Ford Motor Co.*, No. 2:18-CV-10533-RGK-RAOx, 2019 WL

need to show that an additional $21,500 (approximately) is in controversy. Defendant contends that amount will be reached due to civil penalties, but Defendant fails to establish that the "civil penalty is more likely than not to be awarded here." *Castillo v. FCA USA, LLC*, No. 3:19-CV-00151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (holding that evidence must show that it is more likely than not that the amount in controversy is satisfied).

"The amount in controversy for diversity jurisdiction may include punitive damages if recoverable under state law." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (citations omitted). While the Song-Beverly Act does not expressly provide for punitive damages, it does include a civil penalty not to exceed two times the actual damages if Defendant willfully violated the act. *See Ortega v. Toyota Motor Sales, USA, Inc.*, 572 F. Supp. 2d 1218, 1221 (S.D. Cal. 2008); Cal. Civ. Code § 1794(c). As both punitive damages and the Song-Beverly Act's civil penalty have a "dual effect of punishment and deterrence for defendants," courts have treated the civil penalty as equivalent to punitive damages. *Brady*, 243 F. Supp. 2d at 1009.

However, "[t]he civil penalty under [Cal. Civ.] Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, No. 3:19-CV-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019). Defendant must "identify allegations justifying [the penalty]" and "submit evidence of civil penalties awarded in analogous cases[.]" *Castillo*, 2019 WL 6607006, at *2; *see also Zawaideh v. BMW of N. Am., LLC*, No. 3:17-CV-2151-

---

994019, at *1 (C.D. Cal. Jan. 8, 2019). Moreover, the consumer's purchase of nonmanufacturer add-ons and service contracts is excluded. Cal. Civ. Code § 1793.2(d)(2)(B); *Canesco*, 570 F. Supp. 3d at 894. Despite the fact it is their burden to do so, Defendant does not consider any of the following in calculating damages for amount in controversy purposes: (1) the deduction of use prior to the first repair even though Plaintiff used the vehicle for nearly one year, (2) Plaintiff's purchase of thousands of dollars in optional add-ons, and (3) that Plaintiff did not actually pay the full amount but financed the majority of the purchase. *See Tokmakova v. Volkswagen Grp. of Am., Inc.*, No. 2:12-CV-04666-SJO-PJWx, 2012 WL 12952629, at *2 (C.D. Cal. Aug. 1, 2012); *see also Chajon*, 2019 WL 994019, at * 1.

W-KSC, 2018 WL 1805103, at * 3 (S.D. Cal. Apr. 17, 2018) . This is important given "the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages." *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998).

Here, Defendant fails to identify any substantive allegations by Plaintiff that Defendant willfully violated the warranties of the Song-Beverly Act or cite any comparable cases that awarded civil penalties. *See Zawaideh*, 2018 WL 1805103, at *3 ("Defendant fails to identify which allegations in the Complaint would justify [a civil penalty]; nor does Defendant submit evidence regarding the size of civil penalties awarded in analogous cases."). Instead, Defendant merely "point[s] out that the complaint seeks punitive damages and that any damages awarded under such a claim *could*" satisfy the amount in controversy. *Herko v. FCA US, LLC*, No. 19-CV-2057-JLS-WVG, 2019 WL 5587140, at *2 (S.D. Cal. Oct. 30, 2019); [Doc. No. 3 at 7.]. As such, the Court finds (1) that Defendant fails to carry their burden to satisfy the amount in controversy and (2) there is no diversity jurisdiction in this matter.

The Court declines to address Plaintiff's arguments regarding comity, citizenship, and timeliness as it finds remand is appropriate because the amount in controversy is less than $75,000.

## IV.   CONCLUSION

The Court finds that Defendant fails to establish the required amount in controversy, and thus diversity jurisdiction, by a preponderance of the evidence. Plaintiff's motion to remand is **GRANTED**.

It is **SO ORDERED**.

Dated: October 21, 2025

Hon. Cathy Ann Bencivengo
United States District Judge